**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Faisal Mustafa, Individually and On Behalf of All Those Similarly Situated, ) ) ) | **ECF CASE** |
| Plaintiff, ) ) | **Civ. No. 07-CV-7205 (PAC)** |
| vs. ) ) | **LIMELIGHT DEFENDANTS'** |
| Limelight Networks, Inc., Goldman Sachs & Co., Morgan Stanley & Co., Inc., Jeffrey Lunsford, Nathan Raciborski, Allan M. Kaplan, Joseph H. Gleberman, and Peter J. Perrone, ) ) ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF ARIZONA** |
| Defendants. ) | |
| Hendo Weernink, Individually and On Behalf of All Those Similarly Situated, ) ) ) | **ECF CASE** |
| Plaintiff, ) ) | **Civ. No. 07-CIV-7404 (PAC)** |
| vs. ) ) | |
| Limelight Networks, Inc., Goldman Sachs & Co., Morgan Stanley & Co. Inc., Jefferies & Company, Inc., Piper Jaffray & Co., Friedman, Billings, Ramsey, & Co., Inc., Jeffrey W. Lunsford, Matthew Hale, Walter D. Amaral, Joseph H. Gleberman, Frederic W. Harman, Mark A. Jung, Allan M. Kaplan, Peter J. Perrone, David C. Peterschmidt, Nathan F. Raciborski, and Gary Valenzuela, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |
| Scott Kairalla, Individually and On Behalf of All Others Similarly Situated, ) ) ) | **ECF CASE** |
| Plaintiff, ) ) | **Civ. No. 07-CIV-7417 (PAC)** |
| vs. ) ) | |
| Limelight Networks, Inc., Jeffrey W. Lunsford, Michael M. Gordon, William H. Rinehart, Matthew Hale, Nathan F. Raciborski, Walter D. Amaral, Joseph H. Gleberman, Fredric W. Harman, Mark A. Jung, Allan M. Kaplan, Peter J. Perrone, David C. Peterschmidt, Gary Valenzuela, Goldman Sachs & Co., Jefferies & Company, Inc., Morgan Stanley & Co. ) ) ) ) ) ) ) ) | |

Incorporated, Piper Jaffray & Co., and Friedman, )
Billings, Ramsey, & Co., Inc., )
 )
_____ Defendants. )
 )
Tim Radecki, Individually and On Behalf of All ) **ECF CASE**
Others Similarly Situated, )
 ) **Civ. No. 07-CIV-7394 (PAC)**
Plaintiff, )
 )
vs. )
 )
Limelight Networks, Inc., Jeffrey W. Lunsford, )
Matthew Hale, Nathan F. Raciborski, Allan M. )
Kaplan, Joseph H. Gleberman, Peter J. Perrone, )
Goldman, Sachs & Co., and Morgan Stanley & )
Co. Incorporated, )
 )
_____ Defendants. )
 )
Benjamin Paul, Individually and On Behalf of All ) **ECF CASE**
Others Similarly Situated, )
 ) **Civ. No. 07-CIV-7432 (PAC)**
Plaintiff, )
 )
vs. )
 )
Limelight Networks, Inc.; Goldman Sachs & Co.; )
Morgan Stanley & Co., Inc.; Jeffrey W Lunsford; )
Nathan F. Raciborski; and Allan M. Kaplan, )
 )
_____ Defendants. )
 )
Alice Artis, Individually and On Behalf of All ) **ECF CASE**
Others Similarly Situated, )
 ) **Civ. No. 07-CIV-7475 (PAC)**
Plaintiff, )
 )
vs. )
 )
Limelight Networks, Inc., Jeffrey W. Lunsford, )
Matthew Hale, Nathan Raciborski, Michael W. )
Gordon, William H. Rinehart, Allan M. Kaplan, )
Walter D. Amaral, Joseph H. Gleberman, Frederc )
W. Harman, Mark A. Jung, Peter J. Perrone, )
David C. Peterschmidt, Gary Valenzuela, )
Goldman, Sachs & Co., Morgan Stanley & Co., )
Inc., Jefferies & Company, Inc., Piper Jaffray & )
Co., and Friedman, Billings, Ramsey, & Co., )
Inc., )
 )
_____ Defendants. )

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 3

      A.      The Company.................................................................................................. 3

      B.      The IPO ......................................................................................................... 4

      C.      The New York Complaints ............................................................................ 4

      D.      The Arizona Complaint.................................................................................. 5

ARGUMENT........................................................................................................................ 5

THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF ARIZONA FOR
      THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE
      INTEREST OF JUSTICE ...................................................................................... 5

      A.      The District of Arizona Is the Most Convenient Forum for the Parties and
             the Potential Witnesses ................................................................................. 7

             1.      The Convenience of Parties and Witnesses Favors Transfer to
                     Arizona..................................................................................... 7

             2.      The Location of Underlying Events and Documents in Arizona
                     Favors Transfer ........................................................................ 9

      B.      Plaintiff's Choice of Forum Should Be Accorded Little Weight ........................ 10

      C.      Considerations of Judicial Economy and Comity Compel Transfer to
             Arizona............................................................................................................. 12

CONCLUSION.................................................................................................................. 13

**TABLE OF AUTHORITIES**

<u>**Page**</u>

**CASES**

*Ato Ram II, Ltd. v. SMC Multimedia Corp.*, No. 03 Civ. 5569 (HB), 2004 WL
744792 (S.D.N.Y. Apr. 7, 2004).............................................................................6

*Berman v. Informix Corp.*, 30 F. Supp. 2d 653 (S.D.N.Y. 1998) ...................................7, 9, 11, 12

*Blass v. Capital Int'l Sec. Group*, No. 99-CV-5738 (FB), 2001 WL 301137
(E.D.N.Y. Mar. 23, 2001) ......................................................................................10

*Chodock v. American Economy Ins. Co.*, No. Civ. 05 1263 PHX, 2005 WL
2994451 (D. Ariz. Nov. 7, 2005)...........................................................................8

*Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*, No. 07
Civ. 975 (HB), 2007 WL 2068107 (S.D.N.Y. July 19, 2007) ...........................7, 10

*Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.*, 344 F. Supp. 1267
(S.D.N.Y. 1972) ......................................................................................................1

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370 (S.D.N.Y.
2006) ....................................................................................................................5, 6

*Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 104 F. Supp. 2d 279
(S.D.N.Y. 2000) .....................................................................................................6

*In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061, 2006 WL 851708 (S.D.N.Y.
Mar. 31, 2006)........................................................................................................7

*In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392 (S.D.N.Y. 2006)......................8, 9

*In re Connetics Sec. Litig.*, No. 06 Civ. 11496 (SWK), 2007 WL 1522614
(S.D.N.Y. May 23, 2007)....................................................................................7, 9, 11, 12

*In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164 (E.D.N.Y.
2006) .......................................................................................................................7

*In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397 (S.D.N.Y. 1998)...........................8, 11, 12

*In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL
21087953 (S.D.N.Y. May 12, 2003)......................................................................9

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433
(S.D.N.Y. 2000) .....................................................................................................5

*Kwik Goal, Ltd. v. Youth Sports Publishing, Inc.*, No. 06 Civ. 395 (HB), 2006 WL 1517598 (S.D.N.Y. May 31, 2006)..................................................................................10

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb*, No. 06 Civ. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006) ...............................................9

*MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002)..........................................................7, 11

*Nieves v. American Airlines*, 700 F. Supp. 769 (S.D.N.Y. 1988)..................................................12

*SEC v. Euro Sec. Fund*, No. 98 Civ. 7347 (DLC), 1999 WL 76801 (S.D.N.Y. Feb. 17, 1999) ...........................................................................................6

*SEC v. Knowles*, 87 F.3d 413 (2d Cir. 1996)....................................................................6

*Seinfeld v. Bartz*, No. 00 Civ. 5195 (DC), 2001 WL 611295 (S.D.N.Y. June 5, 2001) ............................................................................................9

*ZPC 2000, Inc. v. SCA Group, Inc.*, 86 F. Supp. 2d 274 (S.D.N.Y. 2000)....................................9

**STATUTES**

15 U.S.C. § 77v(a) ............................................................................................................5

28 U.S.C. § 1404(a) .......................................................................................................1, 5

**LIMELIGHT DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO TRANSFER VENUE TO THE DISTRICT OF ARIZONA**

Defendants Limelight Networks, Inc., Jeffrey W. Lunsford, Matthew Hale, Walter D.

Amaral, Joseph H. Gleberman, Michael M. Gordon, Fredric W. Harman, Mark A. Jung, Allan

M. Kaplan, Peter J. Perrone, David C. Peterschmidt, Nathan F. Raciborski, William H. Rinehart,

and Gary Valenzuela (collectively, the "Limelight Defendants") respectfully submit this

memorandum of law in support of their motion to transfer venue of these cases and all related

cases subsequently filed in this district to the District of Arizona pursuant to 28 U.S.C. §

1404(a).[1]

## INTRODUCTION

These six cases are securities class actions brought in this Court against Limelight

Networks, Inc. ("Limelight" or the "Company"), a Delaware corporation headquartered in

Tempe, Arizona.  A seventh complaint was filed on August 21, 2007, in the District of Arizona.[2]

The complaints in the New York cases and the Arizona case are nearly identical.  All of the

complaints allege violations of the federal securities laws based on the Company's purported

omission of material information related to pricing pressures and customer demands from the

prospectus that Limelight issued on June 7, 2007, to accompany its initial public offering

("IPO").  The complaints all assert theories of damages based on the decrease in Limelight's

stock price following its August 9, 2007 press release and earnings call with investment analysts.

The convenience of the parties and witnesses militates in favor of transferring all six

cases filed in the Southern District of New York to the District of Arizona.[3]  The overwhelming

---

[1] Counsel for defendants Goldman, Sachs & Co., Morgan Stanley & Co., Incorporated, Jefferies & Company, Inc., Piper Jaffray & Co., and Friedman, Billings, Ramsey & Co., Inc. (the "Underwriter Defendants") has authorized us to advise the Court that the Underwriter Defendants will file a joinder to this motion.

[2] The District of Arizona case is captioned *Heffez v. Limelight Networks, Inc.*, No. 2:07-cv-01603-SRB.

[3] Even though the six cases have yet to be related or consolidated, it is apparent that they soon will be, and the Court has ample authority to transfer them together in the interests of comity and judicial economy.  *See, e.g.*, *Faigenbaum Machinery, Inc. v. Scott & Williams, Inc.*,

(continued...)

majority of parties, witnesses, and relevant documents are located thousands of miles away from New York, at Limelight's headquarters in Tempe, Arizona, or in other places that are closer to Arizona than to New York. All of Limelight's executives who are named in these complaints work in Arizona, and all but one of Limelight's directors reside in either Arizona or California.

Most of the documents relating to the preparation of the Company's prospectus—and substantially all of the documents relating to the press release and earnings call of August 9, 2007—are located in Arizona. Moreover, already pending in the District of Arizona is a putative securities class action concerning allegations virtually identical to these.

In contrast, the six New York cases have almost no connection with the Southern District of New York. While plaintiffs' choice of forum is ordinarily given some weight, it should receive little weight here in this nationwide securities class action, where individual plaintiffs will not play a significant role in the litigation. Moreover, not one of the six named representatives is even alleged to reside in the Southern District of New York.

For these reasons, the most appropriate forum is Arizona. The Court should accordingly grant this motion to transfer. In addition, the Limelight Defendants respectfully request that the Court defer any decision regarding appointment of lead plaintiff and lead counsel until after this motion to transfer is decided.

---

(...continued from previous page)
344 F. Supp. 1267, 1271-72 (S.D.N.Y. 1972) (transferring four non-consolidated cases pending against same corporate defendant to district of defendant's main office in interests of justice and efficiency; four cases had same facts and issues, and parties had little or no contact with Southern District of New York).

## STATEMENT OF FACTS

### A.     The Company

Limelight is a Delaware corporation headquartered in Tempe, Arizona.  Declaration of Matthew Hale, dated October 9, 2007, filed herewith ("Hale Decl."), ¶ 3.  Limelight is a leading provider of high-performance network services that deliver digital content for media companies in industries such as television, film, music, radio, news, video games, and software.  Limelight's network and solutions reliably enable media companies to provide consumers with seamless, instantaneous content over the Internet.  *See, e.g.*, *Mustafa* Compl. ¶ 3.

Limelight employs 219 individuals.  Hale Decl. ¶ 8.  Of these, 75% (167) work in Arizona.  *Id.*  Limelight's legal, accounting, finance, sales, marketing, research and development, and network engineering and operations departments are all based in Arizona.  *Id.* ¶ 9.  By contrast, Limelight maintains only a limited New York presence, with a sales office in New York comprising just 13 employees.  *Id.* ¶ 8.

Limelight prepares and disseminates all of its press releases from its headquarters in Arizona.  *Id.* ¶ 10.  Most of the documents relating to the preparation of the Company's prospectus—and substantially all of the documents relating to the press release and earnings call of August 9, 2007—originated in Arizona and are currently located there.  *Id.*  In addition, the Company maintains the underlying documents for its press releases and SEC filings, as well as its accounting files, financial projections, and marketing plans at its headquarters in Arizona.  *Id.*

All of the named defendants on Limelight's executive management team—Jeffrey Lunsford, Nathan Raciborski, Michael Gordon, and Matthew Hale—as well as director and co-founder Allan Kaplan work at the Arizona headquarters.  *Id.* ¶ 5.  Co-founder William Rinehart and director Walter Amaral both reside in Arizona.  *Id.*  Directors Fredric Harman, Mark Jung, David Peterschmidt, and Peter Perrone, and former director Gary Valenzuela, all reside in California.  *Id.* ¶ 6.  Only outside director Joseph Gleberman resides in New York.  *Id.* ¶ 7.

B.      The IPO

On June 7, 2007, Limelight commenced an IPO that resulted in the sale of 18.4 million

shares of Limelight common stock at $15 per share.  *Kairalla* Compl. ¶¶ 42-43.  Several firms

underwrote the IPO:  defendants Goldman, Sachs & Co., Morgan Stanley & Co., Incorporated,

Jefferies & Company, Inc., Piper Jaffray & Co., and Friedman, Billings, Ramsey & Co., Inc.  *Id*.

¶¶ 29-33.

C.      The New York Complaints

On August 13, 2007, plaintiff Faisal Mustafa filed a securities class action complaint

against Limelight in the Southern District of New York.  Since then, five other plaintiffs have

filed substantially similar complaints against Limelight in this jurisdiction, alleging violations of

the federal securities laws:  the *Radecki*, *Weernink*, and *Kairalla* complaints, filed on August 20;

the *Paul* complaint, filed on August 21; and the *Artis* complaint, filed on August 23.

All six complaints allege the same set of operative facts.  Specifically, the complaints all

allege that Limelight omitted material information from its IPO prospectus of June 7, 2007, in

violation of Section 11 of the Securities Act of 1933 ("'33 Act").[4]  According to all six

complaints, Limelight should be held strictly liable for failure to state in its prospectus that

demand for Limelight's services would decrease during the second quarter, due in part to the

seasonal nature of the television business.  The complaints also allege that the prospectus

contained misleading statements regarding market conditions that put pressure on Limelight's

prices.  On August 9, 2007, the Company announced that its second quarter net loss was larger

than anticipated.  As a result, the complaints allege that Limelight's stock price dropped from

$14.80 per share on August 8 to $8.99 per share on August 9, injuring shareholders who

purchased Limelight's stock.  *Mustafa* Compl. ¶¶ 1-5, 26-34; *Radecki* Compl. ¶¶ 1, 26, 28-30,

---

[4] Of the six New York complaints, only the *Artis* complaint asserts claims under Section 12
of the '33 Act (also asserted by the Arizona complaint) and claims under the Securities Exchange
Act of 1934 ("'34 Act").  The claims asserted in the *Artis* complaint, however, are based on the
same nucleus of fact as the other five New York complaints.

32-33, 36-38; *Weernink* Compl. ¶¶ 2-7, 42, 44-50, 62-67; *Kairalla* Compl. ¶¶ 3-7, 43-44, 55-56, 58-63; *Paul* Compl. ¶¶ 20-23, 30, 34; *Artis* Compl. ¶¶ 3-7, 42-45, 54, 62-69.

None of the New York complaints alleges that any of Limelight's actions, statements, or omissions was planned or took place in the Southern District of New York. None of the plaintiffs who filed complaints in New York alleges that he or she resides in the Southern District of New York.

### D.     The Arizona Complaint

On August 21, 2007, Larry Heffez filed a complaint against Limelight, and certain of its officers and directors, in the District of Arizona ("*Heffez* Compl."). The Arizona complaint is substantially similar in its factual allegations and legal theories and claims to the New York complaints. *Heffez* Compl. ¶¶ 1, 18-25, 27-33. As discussed more fully below, the interests of convenience and justice dictate that the New York actions should be transferred to the District of Arizona.

## ARGUMENT

### THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF ARIZONA FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES AND IN THE INTEREST OF JUSTICE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As a preliminary matter, a court resolving a motion to transfer venue must first decide whether the action could have been brought in the transferee court. *See, e.g.*, *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 372-73 (S.D.N.Y. 2006) (granting motion to transfer venue and noting that action "could have been brought" in jurisdiction containing defendant's primary place of business); *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 436-37 (S.D.N.Y. 2000) (transferring venue: "[a]n action 'could have been brought' in another forum if the defendant would have been amenable to personal jurisdiction in the transferee forum . . . and venue is proper there").

There is no question that plaintiffs could have brought their actions in the District of Arizona. Venue in a '33 Act case is proper in any judicial district "wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein." 15 U.S.C. § 77v(a). Thus, because of Limelight's undisputed residence in Arizona, venue would have been, and is, proper in the District of Arizona. Moreover, "where venue is proper for one defendant" in a securities case, "venue is proper for all." *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 104 F. Supp. 2d 279, 287 n.45 (S.D.N.Y. 2000) (citation and quotation marks omitted).[5] Finally, where, as here, a defendant in a suit under the United States securities laws has minimum contacts with the United States (as opposed to any particular state or district), every federal district court has personal jurisdiction over that defendant. *See, e.g.*, *SEC v. Euro Sec. Fund*, No. 98 Civ. 7347 (DLC), 1999 WL 76801, at *2 n.1 (S.D.N.Y. Feb. 17, 1999) (when Congress provides for nationwide service of process, relevant inquiry for personal jurisdiction is whether defendant had minimum contacts with United States, not with any particular district) (citing *SEC v. Knowles*, 87 F.3d 413, 417 (2d Cir. 1996)).

Apart from the foregoing considerations, the venue transfer inquiry requires the Court to weigh the "convenience of parties and witnesses" and "the interest of justice." *See Fuji Photo Film*, 415 F. Supp. 2d at 373. Courts typically consider the following factors: "(1) the convenience of witnesses; (2) the availability of process to compel the attendance of unwilling witnesses; (3) the convenience of the parties; (4) the locus of operative facts; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality

---

[5] Although the claims in *Hallwood Realty Partners* arose under the '34 Act, its holding is fully applicable in '33 Act cases. *See, e.g.*, *Ato Ram II, Ltd. v. SMC Multimedia Corp.*, No. 03 Civ. 5569 (HB), 2004 WL 744792, at *2 (S.D.N.Y. Apr. 7, 2004) (citing cases).

of the circumstances." *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*, No. 07 Civ. 975 (HB), 2007 WL 2068107, at *3 (S.D.N.Y. July 19, 2007) ("*Nuvelo*") (transferring four securities class actions to California where defendant corporation was headquartered, press releases in question originated, and majority of witnesses and documents were located).

The "core determination" in considering a motion to transfer venue is "the center of gravity of the litigation, a key test of which is the convenience of the witnesses." *MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at *3 (S.D.N.Y. Dec. 5, 2002). In securities class actions, courts routinely determine the center of gravity to be the district of the issuer's headquarters, and transfer such actions accordingly. *See, e.g.*, *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) (gathering authority and noting that "as a practical matter, such transfers are routine").

### A. The District of Arizona Is the Most Convenient Forum for the Parties and the Potential Witnesses

#### 1. The Convenience of Parties and Witnesses Favors Transfer to Arizona

The convenience of party and non-party witnesses "is probably the single-most important factor in the analysis of whether transfer should be granted." *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998) (transferring securities class action to California, where corporate defendant, witnesses, and documents were located, and where statements that formed basis of claims originated) (citations omitted); *see In re Connetics Sec. Litig.*, No. 06 Civ. 11496 (SWK), 2007 WL 1522614, at *3 (S.D.N.Y. May 23, 2007) (ordering transfer of securities class action because most potential defense witnesses resided in California, and documents at issue had been prepared and were located there); *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061, 2006 WL 851708, at *5 (S.D.N.Y. Mar. 31, 2006) (transferring securities class action to Georgia, where defendant company's employees resided and worked).

All the named defendants who are members of Limelight's executive management team work in its Tempe, Arizona headquarters, and all but one of Limelight's directors reside in either Arizona or California. Hale Decl. ¶¶ 5-7. Most of Limelight's employees work in Arizona. *Id*. ¶ 8. In addition to Company witnesses, others involved in the IPO are located closer to Arizona than to New York. Thus, the investment banking teams for the underwriters of the IPO are based in California, as are the counsel used by Limelight and the underwriters for the IPO. *Id*. ¶ 11.

This group contains most of the individuals with knowledge of the issues raised in the complaints. These are the key individuals who will be likely to provide the relevant testimony regarding the disputed prospectus, internal projections, the press release of August 9, 2007, and the subsequent conference call with analysts and investors. It would be significantly more convenient for these individuals if the litigation proceeded in Arizona, close to their homes and workplaces.

With respect to the individual defendants and other witnesses who are located in California (rather than Arizona), it would be more convenient for them to have this case heard in neighboring Arizona, as opposed to New York. In *Chodock v. American Economy Insurance Co.*, No. Civ. 05 1263 PHX, 2005 WL 2994451, at *4 (D. Ariz. Nov. 7, 2005), the court found that transfer was warranted under Section 1404(a) in part because "the amount of travel time required to obtain depositions would be reduced," which "would reduce the overall cost of the litigation." At a minimum, the California directors' and witnesses' physical location outside of New York is a neutral fact in this Section 1404(a) analysis. *See, e.g.*, *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396-97 (S.D.N.Y. 2006) (disregarding facts that occurred outside Southern District of New York and transferring case to district where "financial statements, press releases, earnings statements, and SEC filings" were prepared and located).

Transfer to the District of Arizona will not only consolidate this litigation in the most convenient forum for the key witnesses, but will also minimize the disruptive effect the litigation will have on the business of a relatively small company (currently employing a total of 219 employees). Hale Decl. ¶ 8. In *In re Nematron Corp. Securities Litigation*, 30 F. Supp. 2d 397,

401 (S.D.N.Y. 1998), the court granted a motion to transfer where the operations of the

defendant corporation would be significantly burdened if its senior management was required to

attend litigation in an inconvenient forum.  Similarly here, the individual defendants and other

Limelight personnel who would be involved in the litigation would be greatly burdened if the

case were to proceed in New York rather than Arizona.  Hale Decl. ¶ 12.

### 2.     The Location of Underlying Events and Documents in Arizona Favors Transfer

Courts consider the location of events and documents relating to a corporation's financial

disclosures to be particularly important in adjudicating transfers of complex securities cases.

Indeed, in this jurisdiction, "the location of operative events is a 'primary factor' in determining

a motion to transfer venue."  *ZPC 2000, Inc. v. SCA Group, Inc*., 86 F. Supp. 2d 274, 279

(S.D.N.Y. 2000) (citation omitted); *see also Berman*, 30 F. Supp. 2d at 657 (emphasizing

importance of location of documents); *Connetics*, 2007 WL 1522614, at *4 (same).

Here, all of the key events—the filing of the prospectus, the commencement of the IPO,

the issuance of post-IPO press releases, and the earnings call—took place or originated in

Arizona.[6]  *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953,

at *2 (S.D.N.Y. May 12, 2003) (transferring securities class action to Montana, where allegedly

false and misleading statements were made and key documents were located); *Laborers Local*

*100 & 397 Pension Fund v. Bausch & Lomb*, No. 06 Civ. 1942 (HB), 2006 WL 1524590, at *5

(S.D.N.Y. June 5, 2006) (transferring securities class actions to forum of defendant's

---

[6] For purposes of the Section 1404(a) analysis, it is of no consequence that certain of these documents were reviewed in New York.  Misrepresentations or omissions occur "where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received."  *Collins & Aikman*, 438 F. Supp. 2d at 397 (citation omitted).

headquarters because "all of the press releases and corporate filings, as well as the alleged misstatements, originated at [defendant's] headquarters").[7]

Furthermore, the majority of documents relevant to this litigation are located at Limelight's headquarters in Tempe. For example, most of Limelight's accounting files, financial projections, marketing plans, and SEC filings are maintained in Arizona—where all of those functions are based. Hale Decl. ¶¶ 9-10. Given these facts, transferring venue to the District of Arizona will reduce unnecessary costs associated with litigation, in large part because "[s]ecurities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which will be in the defendants' possession." *Blass v. Capital Int'l Sec. Group*, No. 99-CV-5738 (FB), 2001 WL 301137, at *6 (E.D.N.Y. Mar. 23, 2001).

### B.    Plaintiff's Choice of Forum Should Be Accorded Little Weight

Although a plaintiff's choice of forum is often entitled to some deference in a Section 1404(a) analysis, less deference should be afforded here for three reasons. *First*, the plaintiffs do not allege that they reside in the forum jurisdiction. *Second*, each plaintiff claims to be acting as a representative of a putative nationwide class of securities purchasers. *Third*, the underlying events have only a *de minimis* connection to the chosen forum.

First, as in the recent *Nuvelo* decision, the six complaints against Limelight contain "no allegation that any of the class plaintiffs reside in New York, such that those plaintiffs might be prejudiced by transfer." *Nuvelo*, 2007 WL 2068107, at *3. Absent an allegation that one or more of these plaintiffs reside in the Southern District of New York, the court cannot assume that any of them does. And a plaintiff's choice of a forum that is not his or her residence diminishes the normal presumption in favor of the plaintiff's choice. *See Kwik Goal, Ltd. v. Youth Sports Publishing, Inc.*, No. 06 Civ. 395 (HB), 2006 WL 1517598, at *2 (S.D.N.Y. May 31, 2006)

---

[7] *See also Seinfeld v. Bartz*, No. 00 Civ. 5195 (DC), 2001 WL 611295, at *3 (S.D.N.Y. June 5, 2001) (transferring derivative action based on allegedly misleading proxy statement because proxy statement was prepared and all relevant documents were maintained in California).

(transferring case: "[w]hile ordinarily plaintiff's choice of forum is accorded significant weight, when the forum chosen is not the plaintiff's home forum, the choice is given less deference") (citation omitted).

Second, each of the filing plaintiffs purports to be acting on behalf of a putative class of nationwide Limelight stock purchasers. It is well-established that the named plaintiff's choice of forum in a securities fraud class action is entitled to minimal deference because the named plaintiff has no significant role in the litigation process and the members of the putative class are scattered all over the country. A plaintiff's right to select a forum "carries little weight" in shareholder class actions, because there are "hundreds of potential plaintiffs . . . all of whom could with equal show of right go into their many home courts." *Berman*, 30 F. Supp. 2d at 659-60. Besides, "[i]t is well known that trials in securities class actions focus almost entirely on the defendants' conduct." *Nematron*, 30 F. Supp. 2d at 402.

Third, the nexus between New York and the facts alleged in these complaints is weak. Courts discount a plaintiff's choice of forum when the operative facts have only a minimal connection with the chosen forum. *See MBCP Peerlogic*, 2002 WL 31729626, at *5 (transferring securities case to California: because "the operative facts have little connection" to New York, "the weight accorded to [plaintiff's] choice of forum is diminished"). As discussed above, there are few, if any, substantive connections with New York here: the challenged statements were not made in or disseminated from New York, the documents at issue in this case were not created in New York, and the majority of likely witnesses do not reside in New York. Hale Decl. ¶¶ 4-6, 8-10.

It is immaterial that Limelight's underwriters maintain offices or in some instances are headquartered in New York. Courts in this jurisdiction regularly transfer securities class actions to the defendant company's home district *despite* the New York residence of defendant's underwriters. *Connetics*, 2007 WL 1522614, at *3 (transferring securities class action even though multiple underwriter-defendants had offices in New York); *Nuvelo*, 2007 WL 2068107, at *2 (transferring securities class actions even though defendant company's underwriters had

-11-

offices in New York).  In addition, as noted above, the banking teams who worked on Limelight's IPO were primarily from California, not New York, further attenuating the connection with this forum.  Hale Decl. ¶ 11.

Similarly, that the shares issued in the IPO were delivered in New York is irrelevant. Courts have made clear that what matters is where the challenged statements occurred, not where, per industry practice, the IPO shares were delivered.  *See Nematron*, 30 F. Supp. 2d at 404 ("[T]hat the shares were directed to New York does not make it a forum which has a significant contact with the operative facts."); *Connetics*, 2007 WL 1522614, at *6 (transferring action to California, where statements were made and company was located, even though bond offering occurred in New York).

C.    **Considerations of Judicial Economy and Comity Compel Transfer to Arizona**

Transfer to the District of Arizona will also promote judicial economy.  There are now seven securities cases pending against Limelight proceeding in two separate jurisdictions.  A prudent transfer "will prevent duplicative litigation and avoid the risk of inconsistent results." *Berman*, 30 F. Supp. 2d at 657.  A transfer order is "particularly appropriate" where, as here, "there is a pending lawsuit in the transferee district involving the same facts, transactions, or occurrences." *Nieves v. American Airlines*, 700 F. Supp. 769, 773 (S.D.N.Y. 1988).  Allowing simultaneous proceedings to continue would waste judicial and party resources and create a risk of conflicting rulings and outcomes.  Transferring the cases to a single jurisdiction, on the other hand, will facilitate the efficient use of time and resources, and remove the risk of inconsistent rulings.

The District of Arizona is the venue for a pending securities class action that is virtually identical to the six now before the Court.  The District of Arizona is the logical jurisdiction for this matter.

## CONCLUSION

For all the foregoing reasons, this Court should transfer this action, and any subsequently

filed related actions, to the United States District Court for the District of Arizona.

Dated:  October 10, 2007                                            WILSON SONSINI GOODRICH & ROSATI
                                                                                      Professional Corporation


                                                                                      By:  /s/ Gideon A. Schor
                                                                                              Gideon A. Schor (GS-5932)

                                                                                      WILSON SONSINI GOODRICH & ROSATI
                                                                                      Professional Corporation
                                                                                      1301 Avenue of the Americas
                                                                                      40th Floor
                                                                                      New York, New York 10019-6022
                                                                                      Telephone:  (212) 999-5800
                                                                                      Facsimile:  (212) 999-5899

                                                                                      Boris Feldman (admitted *pro hac vice*)
                                                                                      Ignacio E. Salceda (admitted *pro hac vice*)
                                                                                      650 Page Mill Road
                                                                                      Palo Alto, CA  94304-1050
                                                                                      Telephone:  (650) 493-9300
                                                                                      Facsimile:  (650) 565-5100

                                                                                      Attorney for Defendants Limelight Networks,
                                                                                      Inc., Jeffrey W. Lunsford, Matthew Hale,
                                                                                      Walter D. Amaral, Joseph H. Gleberman,
                                                                                      Michael M. Gordon, Fredric W. Harman,
                                                                                      Mark A. Jung, Allan M. Kaplan, Peter J.
                                                                                      Perrone, David C. Peterschmidt, Nathan F.
                                                                                      Raciborski, William H. Rinehart, and Gary
                                                                                      Valenzuela